Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5187 | **DATE** | May 13, 2011 |
| **CASE TITLE** | Charles Jennings (M-15239) vs. Jones, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend his complaint [23] and motion to re-issue summonses [22] are entered and continued. Plaintiff is ordered to show good cause in writing: (1) why his motion for leave to file an amended should not be denied as futile because all federal claims in the proposed amended complaint are time-barred and (2) why his present complaint should not be dismissed for failure to state a claim upon which relief can be granted because the named Defendants were not involved in the alleged false arrest. Plaintiff's failure to comply with this order within 30 days may result in the matter being dismissed. Defendant's motion for a more definite statement [18] is denied without prejudice as moot. Plaintiff's "motion for appropriate order" [21] is denied.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Charles Jennings, an inmate at Dixon Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint in August of 2010. In that complaint, Plaintiff alleged that in February of 2009, he was arrested for the attempted murder of Bob Maynor (misspelled as Mainer). Plaintiff and Maynor had a physical altercation at that time. He alleged that Chicago Police Detectives Jones and Johnson were the arresting officers and that they were informed at that time that Maynor, and not Plaintiff, was the "aggressor" in the altercation. Plaintiff alleges that the officers also were informed that Plaintiff was unarmed and that he was acting in self defense when the altercation took place, yet Jones and Johnson arrested Plaintiff without probable cause. Plaintiff further alleged that Detectives Anderson and McDonald, Jones and Johnson's supervisors, were aware from the police reports that there was no probable cause to arrest Plaintiff but still "signed off and authorized probable cause" to arrest Plaintiff. Plaintiff was allowed to proceed on his false arrest against Jones, Johnson, Anderson, and McDonald.

Subsequently, a Detective Jones filed a motion for a more definite statement. In that motion, Defendant Jones argues that a more definite statement is needed to allow a responsive pleading to be filed because the named Defendants are all common names and Plaintiff's arrest report does not identify Jones or Johnson as the arresting officers, nor does it include any Anderson or McDonald as being involved in Plaintiff's arrest.

On April 21, 2011, the Court set a briefing schedule on the motion for a more definite statement. That same day, Plaintiff filed a motion for leave to file an amended complaint along with the proposed amended complaint. Plaintiff's amended complaint alleges that on March 25, 2009, he had a physical altercation with Maynor that resulted in his arrest. Plaintiff brings a false arrest claim against the arresting officers who were at the scene - Detectives Edwin Fizer, N.C. Cikulin, and Walter Donald. He further brings a false arrest claim against the arresting officers' supervisors that reviewed the reports and approved the charges against him. These supervisory officials include J.E. Jones, James O'Donnell, E. Adams, Toni Washington, and Evelynna Quarterman. Plaintiff also names Mr. Maynor and Assistant States Attorney Gerardo Tristan as Defendants. In addition to his false arrest claim, Plaintiff attempts to raise several other claims pursuant to Sections 1983 and 1985 – *i.e.,* "self-defense," "due process," and conspiracy, that were dismissed in the initial review of his original complaint.

Plaintiff's proposed amended complaint does not name any of the Defendants named in his original complaint. Nor does the amended complaint include any allegations against any of the named Defendants in the original complaint. In his motion for leave to file his amended complaint, Plaintiff states that he seeks to amend his complaint "to correct

# STATEMENT

certain defects . . . such as the actual and accurate identification of Defendant's [sic] . . . ." Plaintiff's proposed amended complaint, while including the same claims as his original complaint, is brought against only newly-named Defendants and all claims are based on his March 25, 2009 arrest.

Federal courts borrow and apply a state's personal injury statute of limitations to all Section 1983/1985 claims. *Wilson v. Garcia*, 471 U.S. 261 (1984). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741(7th Cir. 1992). A Section 1983/1985 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).

Here, all of Plaintiff 's claims are based on conduct by the Defendants on March 25, 2009, related to his arrest. Thus, Plaintiff would have had to filed his complaint, naming the Defendants involved in the alleged conduct before March 25, 2011. Plaintiff did not file his proposed amended complaint until April 21, 2011, and the inclusion of the newly-added Defendants in the amended complaint does not appear to relate back to the original complaint. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-58 (7th Cir. 1993) (finding that the amended complaint that identified unknown defendants did not relate back to the original complaint and the claims against the newly-identified defendants were time-barred); *Hall v. Norfolk Southern Ry. Co.*, 479 F.3d 590, 596 (7th Cir. 2006) (for purposes of relating back, "[A] plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.' "). Accordingly, it appears that Plaintiff's claims against the individuals alleged to have violated his constitutional rights in his amended complaint are time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit").

Based on the foregoing discussion, it appears that allowing Plaintiff to amend his complaint would be futile as his federal claims are now time-barred and he cannot add new Defendants after the time limitation has run. Furthermore, based on the allegations in the amended complaint and the omission of the original named Defendants, the original complaint on file likewise also fails to state a claim upon which relief can be granted against a presently-named Defendant.

Accordingly, Plaintiff is ordered to show good cause in writing: (1) why his motion for leave to file an amended complaint should not be denied as futile because all claims in the proposed amended complaint are time-barred **and** (2) why his present complaint should not be dismissed for failure to state a claim because the named Defendants were not involved in the alleged false arrest. Plaintiff's failure to comply with this order within 30 days may result in the matter being dismissed.

Plaintiff also seeks an "appropriate" court order recognizing a fellow inmate who is assisting him in this legal action as his "legal counsel." Plaintiff's motion is denied. Plaintiff may seek assistance from fellow inmates but such inmates are not considered legal counsel. *See* L.R. 83.12 (Appearance of Attorneys General).