# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5187 | **DATE** | 9/8/11 |
| **CASE TITLE** | Charles Jennings (M-15239) vs. Jones, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend his complaint [23] and motion to re-issue summonses and issue summonses for new defendants [22] are denied as futile. This action is dismissed for failure to state a claim upon which relief can be granted. This case is closed.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Charles Jennings, an inmate at Dixon Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint in August of 2010, approximately a year and half after the incidents of which he complains. In that complaint, Plaintiff alleged that in February of 2009, he was arrested for the attempted murder of Bob Maynor (misspelled as Mainer). Plaintiff and Maynor had a physical altercation at that time. He alleged that Chicago Police Detectives Jones and Johnson were the arresting officers and that they were informed at that time that Maynor, and not Plaintiff, was the "aggressor" in the altercation. They also were informed that Plaintiff was unarmed and that he was acting in self defense when the altercation took place. Subsequently, Jones and Johnson arrested Plaintiff without probable cause. Plaintiff further alleged that Detective Sergeant Anderson and Defective Lieutenant McDonald, the supervisors of Detectives Jones and Johnson, were aware from the police reports that there was no probable cause to arrest Plaintiff but still "signed off and authorized probable cause" to arrest Plaintiff. Plaintiff was allowed to proceed on his false arrest claims against Jones, Johnson, Anderson, and McDonald.

Subsequently, a Detective Jones filed a motion for a more definite statement. In that motion, Defendant Jones argued that a more definite statement was needed to allow a responsive pleading to be filed because the named Defendants are all common names and Plaintiff's arrest report does not identify Jones or Johnson as the arresting officers nor does it include any Anderson or McDonald as being involved in Plaintiff's arrest.

On April 21, 2011, the Court put a briefing schedule into place on the motion for a more definite statement. That same day, Plaintiff filed a motion for leave to file an amended complaint along with the proposed amended complaint. Plaintiff's amended complaint alleges that on March 25, 2009 (rather than in February 2009), he had a physical altercation with Maynor that resulted in his arrest. Plaintiff brings a false arrest claim against the arresting officers who were at the scene - Detectives Edwin Fizer, N.C. Cikulin, and Walter Donald. He further brings a false arrest claim against the arresting officers' supervisors that reviewed the reports and approved the charges against him. These supervisory officials include J.E. Jones, James O'Donnell, E. Adams, Toni

Washington, and Evelynna Quarterman. Plaintiff also names the victim and the assistant states' attorney as Defendants. In addition to his false arrest claim, Plaintiff attempts to raise several other claims pursuant to Sections 1983 and 1985, *i.e.,* "self-defense," "due process," and conspiracy, that were dismissed in the initial review of his original complaint .

Plaintiff's proposed amended complaint does not name any of the Defendants named in his original complaint. Nor does the amended complaint include any allegations against any of the named Defendants in the original complaint. In his motion for leave to file his amended complaint, Plaintiff states that he seeks to amend his complaint "to correct certain defects * * * such as the actual and accurate identification of Defendant's [sic] * * *."

Because Plaintiff's proposed amended complaint, while including the same claims as his original complaint, was brought against only newly-named Defendants and all claims were based on his March 25, 2009 arrest (as opposed to a February 2009 arrest referenced in his original complaint), Plaintiff was ordered to show good cause in writing: (1) why his motion for leave to file an amended complaint should not be denied as futile because all claims in the proposed amended complaint are time-barred and (2) why his present complaint should not be dismissed for failure to state a claim because the name-Defendants were not involved in the alleged false arrest. Plaintiff filed a response to the Court's show cause order and was granted two extensions of time to supplement that response; no supplement was received.

Federal courts borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. *Wilson v. Garcia*, 471 U.S. 261 (1984). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. See *Wilson v. Giesen*, 956 F.2d 738, 741(7th Cir. 1992). A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. See *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim of false arrest accrues at the time of the arrest. See *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006).

Here, all of Plaintiff's claims are based on conduct by the Defendants on March 25, 2009, related to his arrest. Thus, Plaintiff would have had to filed his complaint, naming the Defendants involved in the alleged conduct before March 25, 2011. Plaintiff did not file his proposed amended complaint until April 21, 2011

In his response, Plaintiff argues that he is not an attorney so his pleadings should be held to less stringent standard. The statute of limitations begins to run when the person has "knowledge of facts that would lead a reasonable person to investigate the possibility that [his] legal rights had been infringed[.]" *LaSalle v. Medco Research Inc.*, 54 F.3d 443, 446 (7th Cir. 1995); see also *CSC Holdings, Inc. v. Redisi*,309 F.3d 988, 992-93 (7th Cir. 2002). The claim accrues even if the victim does not know he is legally entitled to recover at the time of the injury. See *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002). Thus, Plaintiff's *pro se* status does not render his filing timely.

Plaintiff also argues that his amended complaint should relate back to his original complaint. However, the inclusion of the newly-added Defendants in the amended complaint do not relate back to the original complaint. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-58 (7th Cir. 1993) (finding that the amended complaint that identified unknown defendants did not relate back to the original complaint and the claims against the newly-identified defendants were time-barred); *Hall v. Norfolk Southern Ry. Co.*, 479 F.3d 590, 596 (7th Cir. 2006) (for purposes of relating back, "[A] plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.' "). Although certain newly-named defendants have similar names

| STATEMENT |
|---|

to previously-named defendants, the actions alleged to have been committed by these similarly-named defendants are markedly different (for example, he alleges that a "Defendant Jones" arrested him in the original complaint, but in the amended complaint, Defendant J.E. Jones is alleged to be a supervisor, not an arresting officer). Added to the facts that many of the defendants have such common names and that he has changed the date of the incident from February 2009 to March 25, 2009, this does not appear to be a case in which "constructive notice" was given to the newly-named defendants such that relation back pursuant to rule 15(c)(1) is appropriate. See, *e.g.*, *Krupski v. Costa Crociere, S.P.A.*, 130 S.Ct. 2485 (2010); *cf. Hall*, 469 F.3d at 595 (7th Cir. 2006) ("mistake" requirement of the relation-back rule is not satisfied by a mere lack of knowledge of the proper defendant).

Plaintiff also argues that the statute of limitations is an affirmative defense that should be raised by the Defendants. While the expiration of a statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Plaintiff does not dispute that none of the named-Defendants in his original complaint took part in his arrest and he has not demonstrated that any of his present claims against the newly-named Defendants would be timely. Accordingly, Plaintiff's present complaint is dismissed for failure to state a claim upon which relief can be granted. Furthermore, allowing Plaintiff to amend his complaint would be futile because his claims against any newly-named Defendants are time-barred. Thus, his motion for leave to amend his complaint and motion to re-issue summonses and issue summonses for new defendants are denied as futile. This case is closed.